IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DON A. CHOICE, § | | |
| TDCJ-CID NO. 788528, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION V-06-038 |
| § | | |
| BRAD LIVINGSTON, et al., § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Don A. Choice, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a prisoner civil rights complaint alleging that TDCJ-CID officials have violated his constitutional rights. After examining Choice's complaint and his responses to the court's Order for More Definite Statement, the court has determined that this action should be dismissed as frivolous.

**I. Claims and Allegations**

Choice contends that he is the victim of a conspiracy to retaliate against him and deny him due process in a prison disciplinary proceeding. He also complains that he was denied meaningful access to the TDCJ-CID grievance program. Choice alleges that Correctional Officer Diane Torres filed a disciplinary charge against him on December 14, 2005. On December 21, 2005, Choice attended a hearing in which he was found not guilty of the charge. He asserts that the finding was based on records which indicated that he was in the infirmary at the time of the alleged incident. Choice then filed a grievance against Torres accusing her of filing a false charge against him; however, no investigation was made in response to the grievance. Choice contends that Grievance

Coordinator Linda Podism was responsible for investigating inmate complaints but failed to do her duty. He also complains that Kelli Ward, Regional Grievance Coordinator, failed to investigate the grievance.

On December 22, 2005, Podism and Property Officer Marianne Thieme called Choice out of his cell and asked him to sign a document clearing Torres of the charges he made against her. Choice refused to comply. Choice also implicates an officer named Captain Randolph. *See* Docket Entry No. 11, at 6, Answers 9 and 10(B). On that same day, an amended disciplinary charge was filed against Choice regarding the previously alleged infraction with a different time alleged. After receiving notice, Choice attended a hearing in which he was found guilty. Choice does not specify the punishments ordered against him although he asserts that it was a minor charge and that he did not forfeit any good-time credits. *See* Docket Entry No. 11, at 7, Answer No. 11(N).

Choice claims that the subsequent charge against him was made in retaliation for refusing to drop his grievance against Torres. Choice believes that Torres should have been disciplined, reprimanded, and terminated for her actions; however, no sanctions were entered against her. He contends that his First Amendment right to report official misconduct was violated when the defendants did not respond to his grievance in a satisfactory manner. He further contends that TDCJ-CID Director Brad Livingston and Warden Brad Casal are responsible for failing to implement safeguards or enforcing policies and procedures for preventing the adverse actions being taken against him. He also charges lower level officials Major Carol Monroe and Lieutenant Bruce Peterson with failing to halt the misconduct of their subordinates. Choice seeks a declaratory order as well as an order directing the prison system to restructure its disciplinary procedure.

## II. **Analysis**

Prisoner claims that prison disciplinary charges are false generally have no legal basis, and the courts are hesitant to interfere with the prison administration's handling of its disciplinary affairs. *See Rhodes v. Chapman*, 101 S.Ct. 2392, 2400 n.14 (1981) ("[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators."); *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (inmate's claim that he was charged with things he did not do does not state claim of deprivation where the hearing was otherwise fair). In both disciplinary proceedings, Choice was given advance notice of the charge, an opportunity to attend a hearing in which he could present evidence to an impartial officer, and the officer gave him a written statement on his findings. Choice's rights were not violated in the disciplinary proceedings. *See Wolff v. McDonnell*, 94 S.Ct. 2963, 2975 (1974); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). The fact that Choice was tried twice for the same prison disciplinary infraction does not implicate Double Jeopardy concerns. *Turner v. Johnson*, 46 F.Supp.2d 655, 677 (S.D. Tex. 1999) ("the Double Jeopardy Clause does not apply to prohibit the successive prison disciplinary proceedings at issue in this case."), *quoting Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). *See also Fogle v. Pierson*, 435 F.3d 1252, 1261-62 (10th 2006) (prison disciplinary actions "do not implicate Double Jeopardy protections."); *United States v. Galan*, 82 F.3d 639, 640 (5th Cir. 1996). ("[P]rison disciplinary proceedings do not bar future criminal prosecutions.").

Choice admits that he did not lose any time credits and it is apparent that his punishments were minor, temporary impositions such as loss of commissary privileges for thirty days or the imposition of cell restrictions for a similar period. *See e.g. Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Such punishments are not atypical departures from normal prison life which would

implicate due process concerns.  *Id.*; *Sandin v. Conner*, 115 S.Ct. 2293, 2300 (1995); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  There is no legal support to Choice's complaint concerning the disciplinary action taken against him.

Choice expresses his dissatisfaction with the outcome of his grievances against Torres.  It is well settled that inmates do not have a constitutionally protected right to a grievance procedure. *See, e.g.*, *Jones v. North Carolina Prisoners Labor Union*, 97 S.Ct. 2532, 2544 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are "constitutionally mandated"); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state");  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) ("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.").  Moreover, Choice's complaints about Livingston, Casal, and other senior officers' alleged failure to monitor the actions of their subordinates is not actionable. *See Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996).

Choice's remaining claim concerns retaliation. He alleges that the second disciplinary action was taken against him because he refused to informally resolve his grievance against Torres.  To establish such a claim Choice must show that: 1) he was exercising a constitutional right; 2) the defendants intended to retaliate against him for exercising that right; 3) there was adverse action taken against him for exercising that right; and 4) causation.  *MacDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that "but for the retaliatory motive the complained

of incident ... would not have occurred." *MacDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998), *quoting Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).  Choice does allege that Linda Podism, along with Marianne Thieme and Captain Randolph, attempted to persuade him to sign some sort of release.  He refused to sign the document and was soon afterwards charged with the subsequent disciplinary proceeding.  In some cases, such facts might support a claim of retaliation but there must be some clear connection between the defendants' actions and the charge made against Choice.  *See e.g. Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).  In this case, the charge was brought by Torres and not by the TDCJ-CID officials who tried to get Choice to sign the release.  The courts exercise caution when reviewing prisoners' claims of retaliation lest the courts become embroiled in the multitudes of disciplinary actions and grievances filed daily in the prisons.  *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).  The retaliation claim has no legal basis because Choice makes no allegation that Torres was even aware of efforts to get him to drop his complaint against her or his refusal to cooperate.  *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 320 (5th Cir. 2004).

Choice has filed this prisoner civil rights action as a pauper.  Under the provisions of 28 U.S.C. § 1915(e), the district courts are authorized to dismiss *in forma pauperis* complaints if they are frivolous.  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  A complaint is frivolous if it lacks an arguable basis in law.  *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). This complaint is **DISMISSED** as frivolous.

### III. Conclusion

It is, therefore, **ORDERED** as follows:

1. The plaintiff's motions for an extension of time and authorization to submit only the original of his more definite statement (Docket Entries 9 and 10) are **GRANTED**.

2.. This cause of action, filed by Inmate Don Choice, TDCJ-CID No. 788528, is **DISMISSED** because it is frivolous. 28 U.S.C. § 1915(e)(2)(B).

3. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and the *Pro Se* Law Clerk, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 27th day of March, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE